# In the
# United States Court of Appeals
## For the Seventh Circuit

_____

No. 23-2765

NIKKOLAI ANDERSON,

*Plaintiff-Appellant*,

*v.*

MOTT STREET,

*Defendant-Appellee*.

_____

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 20-cv-7721 — **Thomas M. Durkin**, *Judge*.

_____

ARGUED MAY 21, 2024 — DECIDED JUNE 13, 2024

_____

Before SCUDDER, ST. EVE, and KIRSCH, *Circuit Judges*.

ST. EVE, *Circuit Judge*. After Nikkolai Anderson was terminated from her job as a restaurant host, she sued her employer, Mott Street, for sexual harassment, discrimination, and retaliation. Because Anderson has not established a triable issue of material fact as to these claims, the district court correctly granted summary judgment to Mott Street. We affirm.

## I. Background

Mott Street, an Asian-American restaurant in Chicago, Illinois, employed Nikkolai Anderson as a host from September 2015 until her termination in September 2017. Sub-par performance and inappropriate behavior permeated Anderson's Mott Street tenure. The owners of Mott Street, especially co-owner and general manager Nate Chung, observed that Anderson was impatient with guests, gave curt responses, avoided eye contact, and answered the phone without an appropriate greeting on numerous occasions. In fact, at least once a month, Anderson had a negative interaction with a guest that escalated to the point that Chung would have to intervene. Co-owner, CEO, and executive chef Edward Kim also noted Anderson's unprofessional behavior. The two other co-owners, Victoria and Jennifer Kim, similarly experienced Anderson's negative attitude and rudeness, which they reported to Chung and Edward Kim.

Customers noticed Anderson's attitude, too. Mott Street received three negative Yelp reviews related to customer visits on November 6 and 13, 2016, all complaining about a rude, unfriendly host. Concerned about the impact negative reviews would have on Mott Street's business, Chung reviewed the staffing schedule and determined that Anderson was the only host working those days. Chung and bar manager Mike Melazzo met with all hosts, including Anderson, to emphasize Mott Street's expectation of a friendly and welcoming demeanor. This training session apparently did nothing to correct Anderson's behavior. In the summer of 2017, Mott Street received four additional negative Yelp reviews about a rude host. Again, Chung reviewed the schedule and found that Anderson hosted on each day of those interactions.

Anderson did not comply with other Mott Street rules. She refused to properly notify Mott Street of her scheduling availability and preferences, stored personal items in the host stand, and used personal electronic devices in front of guests. On one occasion, Chung asked Anderson to leave work for the day when she used an iPad for personal reasons while working.

On August 26, 2017, Anderson sent Lola Olateju, recently promoted to front-of-house manager, an email labeled "Confidential." In that email, she complained about not receiving the shifts or the position—server assistant—she preferred. Anderson also expressed frustration at feeling singled out for criticism and disrespect. She mentioned gender twice throughout the email: once to complain that "men at Mott St[reet] do and say very inappropriate things," and once to assert that the environment is "degrading for women." But the email did not connect Anderson's gender to the criticism she felt she received. To the contrary, Anderson complained that Mott Street singled her out as an individual, treating her worse than other women at Mott Street.

Then, on September 20, 2017, Olateju sent Chung an eighth negative customer review concerning a host at Mott Street. Again, Chung determined that Anderson hosted on the date of that customer's visit. At that time, Chung decided to fire Anderson due to her negative interactions with all four owners, her repeated failure to comply with Mott Street rules, and the negative guest reviews. He informed Anderson of her termination on September 22, 2017. That same day (the record is unclear whether it was before or after Chung terminated Anderson), Anderson sent Olateju another email, again marked confidential, complaining that men at Mott Street

"say and do inappropriate things that I find to be very uncomfortable" and specifically complaining about gender discrimination and sexual harassment.

After her termination, Anderson sued Mott Street alleging sexual harassment, sex discrimination, and retaliation under Title VII of the Civil Rights Act of 1964, as well as intentional infliction of emotional distress under Illinois state law. Mott Street later moved for summary judgment and submitted an accompanying Statement of Material Facts in compliance with the district court's local rules. *See* N.D. Ill. L.R. 56.1. Anderson submitted a Response to that Statement of Material Facts but did not submit her own statement of facts.

Anderson relied on her own deposition testimony and the two emails she sent to Olateju to support her argument that she experienced unwelcome behavior at Mott Street due to her gender. Patrons touched her inappropriately "a lot," and a coworker grabbed her butt once and hugged her inappropriately two or three times. Melazzo called her a "bitch," and Chung told her to wear tight, form-fitting clothing because it looked better on her.

The district court granted summary judgment for Mott Street on all counts, finding Anderson's claim for intentional infliction of emotional distress barred by the statute of limitations and concluding she had not raised triable issues of fact as to her Title VII allegations. Anderson appealed the district court's decision as to her Title VII claims.[1]

---

[1] Anderson also argues that the district court abused its discretion by finding her in violation of Local Rule 56.1 and deeming admitted certain facts in Mott Street's Statement of Material Facts. Though the district court

## II. Analysis

We review the district court's decision to grant summary judgment de novo, viewing the facts in the light most favorable to Anderson. *Brooks v. Avancez*, 39 F.4th 424, 433 (7th Cir. 2022). If there is a "genuine dispute as to any material fact," summary judgment is not appropriate. *See* Fed. R. Civ. P. 56(a). But generalized and unsupported allegations cannot create a genuine dispute. *See United Ass'n of Black Landscapers v. City of Milwaukee*, 916 F.2d 1261, 1264–65 (7th Cir. 1990); *see also Tyburski v. City of Chicago*, 964 F.3d 590, 597 (7th Cir. 2020) ("[T]he moving party may succeed by showing an absence of evidence to support the non-moving party's claims.") (quoting *Parkey v. Sample*, 623 F.3d 1163, 1165 (7th Cir. 2010)).

### A. Sexual Harassment

Anderson claims that Mott Street is liable for creating a hostile work environment involving sexual harassment. *See* 42 U.S.C. § 2000e-2(a)(1); *see also E.E.O.C. v. Costco Wholesale Corp.*, 903 F.3d 618, 624 (7th Cir. 2018). An employer violates Title VII when a plaintiff can establish that: "(1) her work environment was objectively and subjectively offensive, (2) the harassment she complained of was based on her gender, (3) the conduct was so severe or pervasive as to alter the conditions of employment and create a hostile or abusive working environment, and (4) there is a basis for employer liability." *Swyear v. Fare Foods Corp.*, 911 F.3d 874, 880 (7th Cir. 2018)

---

acknowledged that it should disregard facts not properly presented under Rule 56.1, it found any purported violation immaterial because, even considering all of Anderson's facts, summary judgment was still warranted. Because the district court did not ultimately penalize Anderson, we need not decide whether it would have erred in doing so.

(citing *Johnson v. Advoc. Health & Hosps. Corp.*, 892 F.3d 887, 900 (7th Cir. 2018)).

Even construing all material facts in Anderson's favor, we find no triable issue of fact on the third element—that the conduct was so severe or pervasive as to alter the conditions of employment. *See Passananti v. Cook County*, 689 F.3d 655, 667 (7th Cir. 2012). To determine whether harassment is severe or pervasive, we consider factors such as "the severity of the allegedly discriminatory conduct, its frequency, whether it was physically threatening or humiliating or merely offensive, and whether it unreasonably interfered with the employee's work performance." *Id.*

Anderson points to evidence in her deposition that a coworker touched her inappropriately three or four times, that Melazzo called her a "bitch," and that Chung directed her to wear tight, form-fitting clothing.[2] Lacking here is frequency and severity. These isolated incidents are not "so severe or pervasive … as to affect the terms and conditions of employment." *Swyear*, 911 F.3d at 881 (quoting *Johnson*, 892 F.3d at 901). While unfortunate, such "off-color comments, isolated incidents, teasing, and other unpleasantries" are not enough for a Title VII sexual harassment claim. *Id.* (citing *Passananti*, 689 F.3d at 667). Nor does Anderson put forward any evidence that these incidents interfered with her ability to do her job.

---

[2] Anderson also claims that patrons touched her inappropriately. But without any indication that Mott Street recklessly permitted this behavior, it is not liable for the actions of its customers. *See Costco*, 903 F.3d at 627.

Because Anderson cannot show that the conduct was severe or pervasive, the district court properly granted summary judgment in favor of Mott Street.

**B. Sex Discrimination**

Anderson also claims Mott Street violated Title VII by discriminating against her on the basis of sex. *See* § 2000e-2(a)(1). She relies on the *McDonnell Douglas* burden-shifting framework, one method of proving employment discrimination under Title VII. *See Logan v. City of Chicago*, 4 F.4th 529, 536 (7th Cir. 2021); *see also McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). Under that test, to survive a motion for summary judgment, Anderson must make out the four elements of a prima facie case: (1) that she is a member of a protected class; (2) that she performed her job to her employer's expectations; (3) that she suffered an adverse employment action; and (4) that one or more similarly situated individuals outside her protected class received better treatment. *Smith v. Chi. Transit Auth.*, 806 F.3d 900, 905 (7th Cir. 2015). Regardless of the framework, we ultimately consider all admissible evidence as a whole "and determine whether a reasonable jury could find that the plaintiff suffered an adverse action because of [her] protected characteristics." *Singmuongthong v. Bowen*, 77 F.4th 503, 508 (7th Cir. 2023) (citing *Tyburski v. City of Chicago*, 964 F.3d 590, 598 (7th Cir. 2020)).

If Anderson can identify a "similarly-situated individual[] of a different protected characteristic [who is] treated differently," or a proper comparator, "and the employer's alleged reason for the differential treatment is pretextual," the evidence supports an inference of discrimination. *Singmuongthong*, 77 F.4th at 509. Comparators "must be directly comparable to the plaintiff in all material respects, but they

need not be identical in every conceivable way." *Coleman v. Donahoe*, 667 F.3d 835, 846 (7th Cir. 2012) (cleaned up). "In the usual case a plaintiff must at least show that the comparators (1) 'dealt with the same supervisor,' (2) 'were subject to the same standards,' and (3) 'engaged in similar conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them.'" *Id.* at 847 (quoting *Gates v. Caterpillar, Inc.*, 513 F.3d 680, 690 (7th Cir. 2008)).

Anderson points to Simon DuFour, a male server at Mott Street, asserting that customers similarly complained about him, but that Mott Street never reprimanded or terminated him. In support of this contention, she cites only her own deposition testimony that customers complained to her more than once about DuFour. Importantly, Anderson does not present evidence or even allege that management knew about these customer complaints. She also provides no evidence that DuFour was comparable to her in all or most respects: there is no evidence that he was insubordinate, nor did customers write negative public reviews about Mott Street due to DuFour's behavior. *See id.* (noting factual dissimilarities that render comparators improper). Because DuFour is not similarly situated and there is no evidence that Mott Street was aware of complaints about him, he is not a satisfactory comparator.

Even if Anderson could make out a prima facie case for discrimination under the *McDonnell Douglas* framework, she cannot rebut Mott Street's legitimate reason for firing her. Once the employer "articulate[s] a legitimate, nondiscriminatory reason for the adverse employment decision," the plaintiff must "provide evidence establishing a genuine dispute

about whether the employer's stated reason was a pretext for prohibited discrimination." *Smith*, 806 F.3d at 905.

Mott Street identified legitimate, nondiscriminatory reasons for the termination. Chung, with input from Edward Kim, ultimately decided to terminate Anderson based on his and other owners' interactions with her, repeated negative guest reviews, and her failure to comply with restaurant rules and procedures.

Anderson now must show that the reasons for firing were pretextual, covering up for a discriminatory reason. That burden requires demonstration by a preponderance of the evidence that the stated reasons for her firing were *false*, not that they were unfair or baseless. *Brooks*, 39 F.4th at 435–36. Anderson cannot meet this burden. Her belief that she was performing satisfactorily does not create a material issue of fact for a jury to consider. *See Lauth v. Covance, Inc.*, 863 F.3d 708, 715–16 (7th Cir. 2017). That no one wrote her up or confronted her with the online reviews does not demonstrate that Mott Street's reasons for firing her were pretexts. Mott Street's employee handbook does not require progressive discipline, and it warns that even first-time violations may subject the employee to termination. *See Fane v. Locke Reynolds, LLP*, 480 F.3d 534, 541 (7th Cir. 2007) ("[N]o reasonable jury could conclude that the firm's failure to follow progressive discipline procedures suggested discrimination. Fane offers no evidence that the progressive discipline policy was rigorously enforced, and the policy warns that 'some situations may be so serious as to warrant immediate discharge.'").

Nor does the fact that she received a formal or informal promotion to "head host" satisfy Anderson's burden. On its own, past performance does not call into question the

legitimacy of Mott Street's reason for firing her or create an inference of discriminatory intent. *See Igasaki v. Ill. Dep't of Fin. & Pro. Regul.*, 988 F.3d 948, 959 (7th Cir. 2021). In short, she has identified no facts giving rise to a reasonable inference that the stated reasons for her firing were false, or that some other reason for firing her existed.

Because she cannot identify an appropriate comparator nor raise a triable issue of fact as to Mott Street's stated reasons for firing her, Anderson may not proceed to trial. Viewing the evidence as a whole, no reasonable jury could find that Anderson's termination was an act of sex discrimination.

**C. Retaliation**

Lastly, Anderson contests the district court's grant of summary judgment on her retaliation claim. Title VII "prohibits employers from discriminating against an employee 'because he has opposed any practice made an unlawful employment practice by this subchapter.'" *Id.* (quoting 42 U.S.C. § 2000e-3(a)). Anderson asserts that she complained about sexual harassment and Mott Street fired her for it.

"To prevail on a Title VII retaliation claim, the plaintiff must prove that (1) she engaged in an activity protected by the statute; (2) she suffered an adverse employment action; and (3) there is a causal link between the protected activity and the adverse action." *Giese v. City of Kankakee*, 71 F.4th 582, 590 (7th Cir. 2023) (cleaned up). "When the plaintiff establishes a prima facie case of retaliation, an employer may produce evidence which, if taken as true, would permit the conclusion that it had a legitimate non-discriminatory reason for taking the adverse employment action." *Robertson v. Wis. Dep't of Health Servs.*, 949 F.3d 371, 378 (7th Cir. 2020). If Mott

No. 23-2765　　　　　　　　　　　　　　　　　　　　11

Street can meet this burden, Anderson must show that its reasons for termination were pretextual. *See id.* When evaluating pretext, we focus on whether Mott Street honestly believed the stated reason for firing. *Id.*

The parties do not dispute that Anderson suffered an adverse employment action when Mott Street fired her on September 22, 2017. But even if Anderson can show a protected activity, she cannot show a causal connection between that act and her firing, nor is she able to produce evidence showing that Mott Street's stated reason for firing her was pretextual.

Anderson relies on her August 26 and September 22 emails to Olateju as protected activity.[3] Only her September 22 email comes close to being protected. The August 26 email's gender references are too general and unconnected to her complaints to rise to the level of protected activity. *See McHale v. McDonough*, 41 F.4th 866, 872 (7th Cir. 2022). Anderson admitted as much in her deposition, acknowledging that "there was nothing specific as far as 'sexual harassment' or 'discrimination' in the August 26th email."

Even assuming Anderson's September 22 email was a protected act, we find no causal connection between it and her firing. The decisionmaker—Nate Chung—must be aware of the protected activity to establish a causal connection. *See*

---

[3] For the first time on appeal, Anderson also claims that she engaged in protected activity by complaining verbally to Olateju. By not presenting this argument to the district court and not citing evidence to substantiate the claim, she has waived it. *Homoky v. Ogden*, 816 F.3d 448, 455 (7th Cir. 2016) (noting that a party waives arguments not presented to the district court); *see also Greenbank v. Great Am. Assurance Co.*, 47 F.4th 618, 629 (7th Cir. 2022) (noting that a party waives undeveloped arguments).

*Cervantes v. Ardagh Grp.*, 914 F.3d 560, 566 (7th Cir. 2019). But Anderson sent the email to Olateju, not Chung, and Olateju did not show Chung the email until two days after Anderson's termination. Anderson identifies no evidence suggesting Chung was aware of this email any earlier or that Olateju was the driving force behind her termination.

\* \* \*

Even if a causal connection had existed, for the reasons stated above, Anderson has not shown that Mott Street's reasons for firing her were pretextual. The district court properly granted summary judgment on her retaliation claim.

### III. Conclusion

For these reasons, the judgment of the district court is

AFFIRMED.