NO. 23-2765

# UNITED STATES COURT OF APPEALS
# FOR THE SEVENTH CIRCUIT

**Nikkolai Anderson,**

    **Plaintiff-Appellant,**

**v.**

**Mott Street**

    **Defendant-Appellee.**

Appeal from the United States District Court
For the Northern District of Illinois
Case No. 20-cv-7721
The Honorable Judge Thomas M. Durkin

**PETITION FOR PANEL REHEARING OR REHEARING EN BANC OF
PLAINTIFF-APPELLANT, NIKKOLAI ANDERSON**

THE LAW OFFICE OF SEAN BROWN, LLC
Sean Brown
*Attorney for Plaintiff-Appellant, Nikkolai Anderson*
111 West Jackson Blvd, Suite 1700
Chicago, Illinois 60604
(312) 675-6116
attorneyseanbrown@gmail.com

DocuSign Envelope ID: BD1A1F73-6D6D-4B10-B53E-80E1F79807AF

Save As     Clear Form

## APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT

Appellate Court No: 23-2765

Short Caption: Anderson v. Mott Street

    To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party, amicus curiae, intervenor or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

    The Court prefers that the disclosure statements be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in the front of the table of contents of the party's main brief. **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

☐    **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1)    The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P. 26.1 by completing item #3):
Nikkolai Anderson

(2)    The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:
The Law Office of Sean Brown, LLC

(3)    If the party, amicus or intervenor is a corporation:

    i)    Identify all its parent corporations, if any; and

    ii)    list any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:

(4)    Provide information required by FRAP 26.1(b) – Organizational Victims in Criminal Cases:

(5)    Provide Debtor information required by FRAP 26.1 (c) 1 & 2:

Attorney's Signature: *Sean Brown*     Date: 7/15/2024
DocuSigned by: CD9B1A1283204E5...

Attorney's Printed Name: Sean Brown

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).    Yes ✔    No ☐

Address: 111 West Jackson Blvd, suite 1700

Chicago, IL 60604

Phone Number: 312-675-6116     Fax Number: 312-675-6001

E-Mail Address: attorneyseanbrown@gmail.com

rev. 12/19 AK

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ....................................................................................iii

RULE 35(b)(1) STATEMENT IN SUPPORT OF REHEARING EN BANC....... 1

INTRODUCTION................................................................................................ 1

REASONS FOR GRANTING THE PETITION................................................... 3

    I.      The Panel's Decision Concerning the Severe or Pervasive
           Standard Conflicts with this Court's Prior Decisions…………………3

    II.     The Panel Overlooked Critical Facts in Dismissing the Sexual
           Discrimination Claim……………………………………………….5

    III.    The Panel Misapprehended the Circumstances Surrounding
           Plaintiff's E-Mails Complaints……………………………………..7

CONCLUSION..................................................................................................... 8

CERTIFICATE OF WORD COUNT ................................................................... 9

CERTIFICATE OF SERVICE............................................................................ 10

# TABLE OF AUTHORITIES

**Cases**

*Casna v. City of Loves Park*,
574 F. 3d 427 (7th Cir. 2009)……………………………………………………………7

*Culver v. Gorman & Co.*,
416 F. 3d 540 (7th Cir. 2005)…………………………………………………………..6, 7

*Faragher v. Boca Raton*,
524 U.S. 775 (1998) ……………………………………………………………………1, 5

*Hostetler v. Quality Dining, Inc.*,
218 F. 3d 798 (7th Cir. 2000)…………………………………………………………….2

*Muldrow v. City of St. Louis*,
144 S. Ct. 967 (2024) …………………...……………………………………………1, 6

*Patton v. Keystone RV Co.*,
455 F. 3d 812 (7th Cir. 2006)………………………………………………………….4, 5

*Pryor v. Seyfarth, Shaw, Fairweather & Geraldson*,
212 F. 3d 976 (7th Cir. 2000) ……………………………………….…………………3

*Robinson v. Perales*,
894 F. 3d 818 (7th Cir. 2018)…………………………………………………………….3

*Worth v. Tyer*,
276 F. 3d 249 (7th Cir 2001)………………………………………………………1, 3, 4

**Statutes**

Fed. R. App. P. 35……………………………………………………………….……1

# RULE 35(b)(1) STATEMENT

Plaintiff Anderson respectfully petitions the Court to grant rehearing or rehearing en banc pursuant to Rule 35(b) of the Federal Rules of Appellate Procedure. A panel of this Court upheld a district court's decision granting summary judgment in favor of Defendant Mott Street. Rehearing en banc is warranted because that decision is necessary to secure or maintain uniformity of the court's decisions. Fed. R. App. P. 35(b)(1)(A). Specifically, the panel's decision here conflicts with prior Seventh Circuit cases as well as Supreme Court decisions. *See Worth v. Tyer*, 276 F. 3d 249 (7th Cir 2001)(stating "there is no minimum number of incidents required to establish a hostile work environment)"; *Faragher v. Boca Raton*, 524 U.S. 775 (1998) (holding that an employer may be held vicariously liable for actionable discrimination caused by a supervisor); *Muldrow v. City of St. Louis*, 144 S. Ct. 967 (2024)(holding an employee does not have to show that the harm incurred was significant to make out a discrimination claim).

# INTRODUCTION

To patrons, Mott Street holds itself out as a gourmet restaurant; to female employees, Mott Street promotes an 'atmosphere of sexual subjugation and degradation.' Male supervisors, co-workers, and patrons were allowed to grope, caress, or intentionally rub themselves against female employees without fear of consequence. As for the women employees, they were forced to just "deal with it." Sexual harassment, sex discrimination, and retaliation are still highly prevalent in the restaurant industry with negligence playing a massive role within its authority figures. The panel determined that much of the Plaintiff's harassment was isolated, not serious, and neither severe nor pervasive. However, when physical contact moves "beyond the sort of casual contact which (if it were consensual) might be expected between friendly co-workers, and manifests in

1

more intimate, intrusive forms of contact, it becomes increasingly difficult to write the conduct off as a pedestrian annoyance." *Hostetler v. Quality Dining, Inc.*, 218 F. 3d 798, 808 (7th Cir. 2000). In fact, its importance is amplified when such harassment or discrimination leads to a woman's rape.

During Plaintiff's final ten months of employment with Mott Street, she followed Mott Street's policy to report to a manager or owner any harassment or discrimination. Plaintiff repeatedly complained to four different managers about being groped on intimate body parts and being the target of crude sexually motivated comments from patrons, the chef, managers, and peers. Plaintiff requested to alter roles, hours, shifts, and work attire due to the abusive environment, but the owner snubbed such requests repeatedly. This very work attire would later compel an Uber driver to rape the Plaintiff after her shift. Four days later, once Mott Street sent the schedule, Plaintiff replied by sending an emailed complaint highlighting the fact that the sexually provocative job attire was a contributing factor that caused her to be violently assaulted. Mott Street subsequently received a recommendation from the manager -- who received both emails -- to terminate Plaintiff, and Plaintiff was terminated.

Ultimately, Mott cannot overcome four realities: (1) There was uninvited physical contact with Anderson's breasts and buttocks; (2) despite reports to management, Anderson continued to be harassed and subjected to a hostile work environment; (3) no harassers were ever confronted or disciplined; and (4) Mott's conduct led to retaliation and termination. Mott Street's negligence and liability warrants attention. Yet, the panel decision rejected the nation's longstanding protections for and against sexual harassment in the workplace, creating a conflict with Supreme Court precedent.

# REASONS FOR GRANTING THE PETITION

I. **The Panel's Decision Concerning the Severe or Pervasive Standard Conflicts with this Court's Prior Decisions.**

Anderson acknowledges that the harassment must be sufficiently severe that a rational trier of fact could find that it had actually changed the conditions of the workplace. *Pryor v. Seyfarth, Shaw, Fairweather & Geraldson*, 212 F. 3d 976, 978 (7th Cir. 2000). The Panel determined that Anderson's claim is not actionable because the harassment was not severe or pervasive. Dkt. 36, p. 6. This Court, however, has said "whether harassment was so severe or pervasive as to constitute a hostile work environment is generally a question of fact for the jury." *Robinson v. Perales*, 894 F. 3d 818, 828 (7th Cir. 2018). In the instant matter, the record shows that the harassment impacted Anderson's ability to do her job because she complained to a manager named Mia about being uncomfortable as a host and requested to change positions "to be a server, a dishwasher, anything but a host." (A-69). Anderson also complained to Chung, the owner, about wearing tight clothing, and when she came to work wearing loose clothing Chung ordered her to wear tight clothing again. (A-62). Anderson complained to Olateju, a manager, over three times about patrons touching her inappropriately. (A-68). The Panel acknowledged that a chef named Gabe Freeman touched Anderson's buttocks; and another manager called Anderson a "bitch". Dkt. 36, p. 6. Anderson also noted that Gabe hugged her several times whereby he would grab her waist., and his hand would glide down her behind. (A-96). Accordingly, this matter must go to trial because, when taken in a light most favorable to Anderson, a rational trier of fact could find that Anderson's treatment constitutes a hostile work environment. *Robinson*, 894 F. 3d at 828.

In *Worth v. Tyer*, 276 F. 3d 249 (7th Cir 2001), Defendant Tyer touched Plaintiff Worth's breast on one occasion, and Worth filed a police report. *Id.* at 255. After police contacted Tyer, he

3

terminated Worth. *Id.* This Court found that Worth's sexual harassment claim over a two-day period was actionable because, based on the totality of the circumstances, Worth subjectively found the work environment to be hostile, and the work environment was objectively hostile because there were several touching incidents with Worth's intimidate body parts. *Id.* At 268.

Despite a more flagrant set of facts in the instant case, the panel reaches a different conclusion. During Plaintiff's 2 years of employment at Mott Street, the panel acknowledges that Plaintiff was subjected to patrons touching her inappropriately "a lot," a coworker grabbed her butt, she was hugged inappropriately two or three times, a manager called her a bitch, and the owner forced her to wear tight, form-fitting clothing-- all of is acknowledged by the Panel. Dot. 36, p. 4. The Panel, however, overlooked that the record shows Plaintiff complained about sexual harassment five times and showed how Mott Street permitted this behavior by patrons. A-61; A-67. She specifically complained to Olateju, a manager, more than three times about the sexual harassment. A-68. She complained to Chung, the owner, about the patrons grabbing her and she expressed that she did not want to host anymore, but Chung simply stated, "[she] can handle it." A-61. Plaintiff endured a significantly more than the Plaintiff in Worth, yet the panel determined her complaints were "lacking in frequency and severity." Dot. 36, p. 6. *Worth*, however, makes clear that "no minimum number of incidents is required to establish a hostile work environment." 276 F. 3d at 268. "[H]arassment need not be both severe and pervasive to impose liability; one or the other will do." *Id.* This Court has often recognized that "even one act of harassment will suffice if it is egregious." *Id.* "The fact that conduct that involves touching as opposed to verbal behavior increases the severity of the situation." *Id.* More importantly, "direct contact with an intimate body part constitutes one of the most severe forms of sexual harassment." *Id.*; *Patton v. Keystone RV*

4

*Co.*, 455 F. 3d 812, 817 (7th Cir. 2006). Based on the totality of the circumstances, the facts of the instant case establish that Plaintiff was in a hostile work environment, and this fact is further supported by the EEOC determination that Mott Street discriminated against Plaintiff. A-10 - A-11.

**II.    The Panel Overlooked Critical Facts in Dismissing the Sexual Discrimination Claim.**

The Panel opined that Plaintiff did not present evidence or allege that management knew about the customer complaints of Simon DuFour. Dkt. 36, p. 8. During oral argument, however, the Panel declined Plaintiff's counsel offer to submit a supplemental briefing to point out specifically where in the record the Court could find such evidence because the record clearly shows that Plaintiff told management about customer complaints submitted against Simon. A-73. The Panel notes that customers did not write negative public reviews about Mott Street due to DuFour's behavior. Dkt. 36, p. 8. The reviews, however, do not mention anyone's name so it cannot be definitively determined whether the reviews are about Plaintiff, Simon, Mike, or any other employee of Mott Street. A-56.

In *Faragher v. Boca Raton*, 524 U.S. 775 (1998), the U.S. Supreme Court held that the conduct of two supervisors, which allegedly had created a sexually hostile atmosphere, constituted discrimination in the lifeguard's terms, conditions, and privileges of employment. *Id.* At 780. In that case, Terry, a supervisor, repeatedly touched female lifeguards in an offensive manner without invitation and made crude gestures and remarks. *Id.* at 782. The Supreme Court explained when a person with supervisory authority discriminates in the terms and conditions of subordinates' employment, his actions necessarily give rise to employer liability because the employer has a

greater opportunity to guard against misconduct by supervisors than by common workers. *Id.* at 803.

In the instant matter, the Panel overlooked the conduct of Chung, the owner of Mott Street. Chung created and promoted an environment where women, specifically Plaintiff, was forced to wear tight, form-fitting clothing. A-99. Chung disregarded the emotional well-being and safety of his female employees as demonstrated by him telling Plaintiff to "handle it" when customers touched her inappropriately. A-61. Chung chastised Plaintiff for using her phone during work but disregarded her complaints about Simon. A-73. This is the kind of conduct that created the sexually hostile environment discussed in *Faragher*. Accordingly, a rehearing should be granted to resolve the dichotomy between the instant matter and *Faragher* so that the outcome of the two cases is more analogous to one another.

Furthermore, in *Muldrow v. City of St. Louis*, 144 S. Ct. 967 (2024), the Supreme Court provides that "Title VII makes it unlawful for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex." *Id.* at 970. The Panel overlooked this form of discrimination in that Chung made Plaintiff wear tight clothing as a condition of her employment. A-62. Simon, for example, was not forced to such endure terms.

The Panel, however, states that Plaintiff identified no facts to infer that Mott Street's reasons for firing her were false. Dkt. 36, p 10. Yet, the record shows that EEOC determined that Mott Street discriminated against Plaintiff. A-10 - A-11. Both of Plaintiff's emails went to Olateju, and, according to Mott Street, Olateju recommended that Plaintiff be fired. A-200 – A-203.

6

"Suspicious timing may permit a plaintiff to survive summary judgment if there is other evidence that supports the inference of a causal link." *Culver v. Gorman & Co.*, 416 F. 3d 540, 546 (7th Cir. 2005). Here, Plaintiff was terminated almost immediately after sending that email. Chung claims that he was unaware of the email, but that is the position that he has taken despite evidence that he was notified of the sexual harassment and discrimination that Anderson repeatedly told him about during her tenure at Mott Street. A-53, A-61, A-62, A-70, A-71, A-104, A-115, A-174, A-175.

### III. The Panel Misapprehended the Circumstances Surrounding Plaintiff's E-Mails Complaining of Harassment and Discrimination

The Panel, in a footnote, indicated that Plaintiff waived her right to claim that she was engaged in a protected activity when she sent emails to Olateju because she did not make that argument in the district court. Dkt. 36, p. 11. The record, however, shows that, while in the district court, Plaintiff "repeatedly complained to management about the work conditions, but Plaintiff was told there was nothing that could be done." Dkt. 63, p. 4

The Panel stated that Plaintiff's August 26th email does not rise to the level of protected activity. Dkt. 36, p. 11. This Court, however, has held that informal complaints may constitute protected activity for purposes of retaliation claims. *Casna v. City of Loves Park*, 574 F. 3d 420, 427 (7th Cir. 2009). Particularly in this situation, Anderson's August 26, 2017 email complained that the work environment is "hostile" and that "men do and say inappropriate things" that are "disrespectful and uncomfortable." A-200-01. Anderson's September 22, 2017 email explicitly complained of being sexually harassed with "inappropriate gestures and touching" and being "told to wear attire that is tight on [her] body." A-202-03. These facts taken in total with the EEOC determination that discrimination and retaliation occurred are sufficient for this Court to grant a rehearing.

7

## CONCLUSION

The petition for rehearing and rehearing en banc should be granted.

Dated: July 15, 2024  Respectfully Submitted,

/s/ *Sean Brown*
SEAN BROWN
The Law Office of Sean Brown, LLC
Attorney for Plaintiff-Appellant
ARDC# 6308654
111 West Jackson Blvd, Suite 1700
Chicago, Illinois 60604
(312) 675-6116
attorneyseanbrown@gmail.com

**CERTIFICATE OF WORD COUNT**

I verify that this brief contains 2,190 words according to the word-count function of Microsoft Word, the word-processing program used to prepare this brief.

Dated: July 15, 2024

                        By:   /s/ *Sean Brown*
                                SEAN BROWN
                                The Law Office of Sean Brown
                                111 West Jackson Blvd, Suite 1700
                                Chicago, Illinois 60604
                                (312) 675-6116
                                attorneyseanbrown@gmail.com

                                Attorney for Defendant-Appellant

**PROOF OF SERVICE**

The undersigned, counsel for the Plaintiff-Appellant, Nikkolai Anderson, hereby certifies that on July 15, 2024, a copy of the Petition for Rehearing and Rehearing En Banc of Appellant were filed electronically with the Clerk of the Court using the ECF system, which will send notification to such filing to the counsel of record for the Defendant-Appellee, Mott Street, via email.

Dated: July 15, 2024

                              By:   /s/ *Sean Brown*
                                       SEAN BROWN
                                       The Law Office of Sean Brown
                                       111 West Jackson Blvd, Suite 1700
                                       Chicago, Illinois 60604
                                       (312) 675-6116
                                       attorneyseanbrown@gmail.com

                                       Attorney for Plaintiff-Appellant